Robert Pegram HARRISON, Respondent
Below, Appellant,

v.

E. Y. CHAPIN, III, Applicant
Below, Appellee,

and

Benwood Foundation, Inc., a Delaware
Corporation, S. L. Probasco, Jr., Walter
R. Randolph, Jr., Sebert Brewer, Jr., Jo-
seph H. Davenport, Jr., Sam I. Yarnell,
J. Ralston Wells, John P. Wright, The
Coca-Cola Company, a Delaware Corpo-
ration, and American National Bank and
Trust Company of Chattanooga, a Na-
tional Banking Association, Respon-
dents Below, Appellees.

Supreme Court of Delaware.

Submitted May 16, 1980.

Decided May 23, 1980.

Upon appeal from the Court of Chancery.
Affirmed.

John H. Small (argued) and William
Prickett, of Prickett, Jones, Elliott & Kris-
tol, Wilmington, for appellant.

Michael D. Goldman (argued), of Potter,
Anderson & Corroon, Wilmington, for ap-
pellees E. Y. Chapin, III, and Benwood
Foundation, Inc., Walter R. Randolph, Jr.,
Joseph H. Davenport, Jr. and S. L. Probas-
co, Jr.

Before McNEILLY, QUILLEN and
HORSEY, JJ.

PER CURIAM:

This appeal was carefully and thoroughly
considered by the Court of Chancery. The
Trial Court's opinion is reported [*Chapin v.
Benwood Foundation, Inc.*, Del.Ch., 402
A.2d 1205 (1979)] and we rely on that opin-
ion for a full development of the facts of
the case.

We also find that one brief portion of the
Vice Chancellor's opinion is dispositive of
the motion for summary judgment filed by
the applicant and several respondents. The
Vice Chancellor wrote at 402 A.2d 1210:

". . . [A]s the pleadings concede, the
basis for the original balanced board, and
thus the reason for the birth of the suc-
cession agreement idea, was to protect
the Thomas Companies from internal ex-

ploitation and waste after Hunter's death while at the same time to guarantee that the Thomas Companies could not be disposed of as a Benwood asset by the decision of persons who might not have full knowledge of the capabilities and prospects of the Thomas Companies at a given time. Thus, the purpose of the agreements was to protect the primary asset of Benwood. Since that asset has now been disposed of to the benefit of Benwood, the basis for the duty that the *amicus* would find in the trustees has vanished also."

We agree with the above quoted remarks of the Vice Chancellor and therefore affirm the judgment of the Court below on that ground without reaching the other matters argued by counsel.