■ In the Matter of LUCY H. NESBEDA, Appellant, v EDNA McCONNELL CLARK FOUNDATION, Respondent. [698 NYS2d 627]

—Order, Supreme Court, New York County (Stanley Sklar, J.), entered June 12, 1998, which, insofar as appealed from, denied petitioner's application pursuant to Not-For-Profit Corporation Law § 618 to set aside her removal from respondent not-for-profit corporation's board of trustees and the elimination of the seat she had held on such board, and dismissed the petition, unanimously affirmed, without costs.

The trustees of respondent not-for-profit corporation, organized under Delaware law, adopted a memorandum in 1984, which was restated and amended in certain respects in 1996, providing, in substance, that the families of each of the three sons of the founder would be represented on the board of trustees by a representative to be selected by each of the families "in its own way". Petitioner, the daughter of one of these sons, was placed on the board of trustees as the representative of her family in 1984. In 1998, petitioner's mother sent respondent a letter stating that petitioner had not had contact with her family for five years and therefore "d[id] not in any way represent th[e] family". Thereafter, the nominating committee of the board of trustees determined not to nominate petitioner for re-election as a trustee at the March 3, 1998 annual meeting of the board, and, at such annual meeting, the full board voted to reduce the number of trustees by one, and to elect only the candidates recommended by the nominating committee, thereby removing petitioner from the board.

To the extent the 1984 and 1996 memoranda might be deemed to have the force of corporate by-laws, they are unenforceable as contravening applicable Delaware law, which precludes trustees of a not-for-profit corporation from binding themselves in advance to elect a particular individual to the board, since the trustees have "a duty to use their best judgment in filling a vacancy on the board of trustees as of the time the need arises" (*Chapin v Benwood Found.*, 402 A2d 1205, 1211, *affd sub nom. Harrison v Chapin*, 415 A2d 1068 [Del]). Even if such a by-law were enforceable, respondent's certificate of incorporation, which takes precedence over the by-laws (*Centaur Partners, IV v National Intergroup*, 582 A2d 923, 929 [Del]), empowers the Board "to make, alter or repeal the by-laws * * * at any regular or special meeting at which a quorum is present". In our view, to the extent the memoranda had the force of by-laws, and the board's action at the March 3, 1998 annual meeting was inconsistent with such memoranda, they were "alter[ed] or repeal[ed]" by such board action. We further note that the memoranda do not on their face purport to amend the by-laws, but only to constitute a "supplement" thereto,

which the board also had the power to amend or repeal as it saw fit, and which could not override the board's express power under the by-laws to remove a trustee, or to change the number of trustees, at any time.

The petition is also without merit to the extent it is based on the contention that the challenged proceedings were tainted by "fraud", since such allegation is entirely unsubstantiated, and petitioner, who was present at, and participated in, the challenged election, was fully able to communicate her views to the other board members. Moreover, it is clear from the record that petitioner's mother's statement to respondent that petitioner no longer represented her family was prompted by petitioner's estrangement from her family. Thus, even if the memoranda were enforceable, petitioner's removal from the board complied with them, since petitioner plainly represented no one but herself at the time of her removal.

We have considered and rejected petitioner's remaining arguments. Concur—Williams, J. P., Rubin, Saxe and Friedman, JJ.